UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

2023 JUN 14  PM 12:58

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

UNITED STATES OF AMERICA

v.

NILDA MEDINA-VEGUILLA

CASE NO. 6:23-cr-113-CEM-LHP
18 U.S.C. § 1542
18 U.S.C. § 1028A(a)(1)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

**False Statements in Application for a United States Passport**

On or about February 23, 2021, in the Middle District of Florida, and elsewhere, the defendant,

NILDA MEDINA-VEGUILLA,

did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States for her own use, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such passport application the defendant stated that the name, date of birth, and social security number used in the passport application were her own, when defendant then and there knew such statements to be false.

In violation of 18 U.S.C. § 1542.

## COUNT TWO

### Aggravated Identity Theft

On or about February 23, 2021, in the Middle District of Florida, and elsewhere, the defendant,

NILDA MEDINA-VEGUILLA,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name, date of birth and social security number of N.T.D., during and in relation to a felony violation of passport fraud, in violation of 18 U.S.C § 1542, as charged in Count One of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(6).

2. Upon conviction of 18 U.S.C. § 1542, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

    a. any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense;

    b. any property, real or personal, that constitutes, is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

    c. any property that is used or intended to be used to facilitate the commission of the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

███████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Rachel S. Lyons
Special Assistant United States Attorney

By: _____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

NILDA MEDINA-VEGUILLA

## INDICTMENT

Violations:

18 U.S.C. § 1542
18 U.S.C. § 1028A(a)(1)

A true bill,

███████████████████████

_____
Foreperson

Filed in open court this 14th day of June, 2023.

_____L. Jujin_____
Clerk

Bail  $ _____

GPO 863 525